UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| NORMA FAYE PYLES LYNCH | ) | |
| FAMILY PURPOSE, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-00025 |
| | ) | Judge Sharp |
| CITY OF COOKEVILLE, | ) | |
| TENNESSEE, acting through the City | ) | |
| Council and the Planning Commission, | ) | |
| and PUTNAM COUNTY, TENNESSEE, | ) | |
| | ) | |
|     Defendants. | ) | |

**MEMORANDUM**

In this action that was removed from the Circuit Court for Putnam County, Tennessee, Plaintiff Norma Fay Pyles Lynch Family Purpose LLC has filed a Motion to Remand (Docket No. 21), to which Defendants City of Cookeville (Docket No. 26) and Putnam County (Docket No. 28) have responded in opposition. For the reasons that follow, Plaintiff's Motion will be granted and, as a consequence, the Court will deny as moot Defendants' Motions for Summary Judgment (Docket Nos. 3 & 17).

**I.**

Defendants removed this action because Plaintiff pleaded claims that arise under federal law. "The Supreme Court has made clear that, to determine whether a claim arises under federal law, a court, under the 'well-pleaded complaint' rule, generally looks only to the plaintiff's complaint." Palkow v. CSX Transp., Inc., 431 F.3d 543, 552 (6th Cir. 2005) (citing Gully v. First National Bank, 299 U.S. 109 (1936); Louisville & N.R. Co. v. Mottley, 211 U.S. 149 (1908)). Here, Plaintiff's

1

Complaint alleges the following:

Plaintiff owns several tracts of land within the City of Cookeville, which is located in Putnam County. This includes a six acre parcel of land (the "Tract") located on the south side of Mine Lick Creek Road, 155 feet south of the intersection of that road and Park West Drive. This acreage adjoins the construction of a new interstate interchange on I-40.

The Tract was part of a larger tract of land, which Plaintiff owned, and which the City of Cookeville and Putnam County sought to acquire by way of a condemnation and partition action so that a business park could be built near the planned Mine Lick Creek Road interchange. Plaintiff was deeded the six acre Tract and two other parcels of land as part of a negotiated settlement of that condemnation and partition action.

Plaintiff claims that, as part of the settlement, the City of Cookeville and Putnam County promised to convey the Tract zoned commercial-industrial ("C-I"). Plaintiff later learned, however, that the Tract was split zoned C-I and Single Family Residential ("RS-20"), with approximately 52% of the Tract zoned C-I, and the remainder zoned RS-20.

In August 2015, Plaintiff petitioned the Planning Commission to re-zone the Tract (along with two others) to C-I. After a public hearing, the Planing Commission, on October 26, 2015, denied Plaintiff's request to re-zone the portions of the Tract designated RS-20 to C-I. Plaintiff appealed that denial to the City Council. After another public hearing, the City Council took no action, meaning that the request to re-zone was denied.

Plaintiff then filed suit in state court and advanced a number of state and federal claims. It brought a breach of contract claim against both Defendants, an inverse condemnation action against the City of Cookeville, and sought a declaratory judgment against the City of Cookeville under state

2

law, claiming that the Planning Commission's and City Council's decisions not to re-zone the property were arbitrary and capricious. Finally, Plaintiff brought federal claims solely against the City of Cookeville for the alleged denial of due process and equal protection in violation of the Fourteenth Amendment, and sought attorney's fees pursuant to 42 U.S.C. § 1988.

## II.

As indicated, Defendant City of Cookeville (with Putnam County's consent) removed this action because of the asserted federal claims. Plaintiff now seeks to remand the case, arguing the federal claims are not ripe.

### A.

"The jurisdiction of federal courts is limited by Article III of the Constitution to 'Cases and Controversies[,]' U.S. Const. art. III, § 2," and "[t]he ripeness doctrine is one of several justiciability doctrines 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" Kiser v. Reitz, 765 F.3d 601, 606 (6th Cir. 2014) (quoting Reno v. Catholic Soc. Servs., Inc., 509 U.S. 43, 57 n. 18 (1993)). Thus, "[t]he ripeness doctrine has developed 'to ensure that courts decide only existing, substantial controversies, not hypothetical questions or possibilities.'" In re Cassim, 594 F.3d 432, 437 (6th Cir. 2010) (quoting Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty, 274 F.3d 377, 399 (6th Cir. 2001)). "In other words, '[r]ipeness is a justiciability doctrine designed to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements.'" Id. (quoting Ky. Press Ass'n v. Kentucky, 454 F.3d 505, 509 (6th Cir. 2006)).

### B.

The leading decision regarding ripeness in the context of taking without just compensation

3

is Williamson County Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), a case that arose out of this Court. There, a landowner sued a regional planning commission alleging that its application of zoning laws and regulations to plaintiff's property amounted to an unconstitutional taking. Though the case was tried to a jury verdict in favor of the landowner, the Supreme Court found that the takings claim was not ripe for two reasons. First, plaintiff had not "obtain[ed] a final decision regarding the application of the zoning ordinance and subdivision regulation to its property," even though "[t]he Board of Zoning Appeals had the power to grant certain variances from the zoning ordinance," and "[t]he Commission had the power to grant variances from the subdivision regulations." Id. at 187 & 188. Second, the takings claim was not ripe because plaintiff "did not seek compensation through the procedures that the State has provided," including bringing an inverse condemnation action under Tennessee law in accordance with Tenn. Code Ann. § 29-16-123.

Williamson County has been read as setting out a two-prong ripeness test, such that "a Fifth Amendment takings claim is not ripe for review until (1) the government entity charged with implementing the regulations has reached a final decision inflicting an actual, concrete injury, and (2) if a State provides an adequate procedure for seeking just compensation, the property owner has used the procedure and been denied just compensation." DLX, Inc. v. Kentucky, 381 F.3d 511, 529 (6th Cir. 2004). "The ripeness test is conjunctive: both prongs must be satisfied." Id.

Here, whether the first prong has been satisfied is unclear. Plaintiff suggest that it has been because, after the Planning Commission denied the re-zoning request, that decision was appealed to the City Council, which denied the request by refusing to take action. The City of Cookeville insists there was no final decision because Plaintiff failed to appeal to the Board of Zoning Appeals.

4

As for the second prong, Plaintiff was in the process of utilizing applicable state procedure to seek just compensation by filing the Complaint in the Putnam Circuit Court, which contained a count for inverse compensation pursuant to Tenn. Code Ann. § 29-16-123 – the very statute cited by the Supreme Court in Williamson County.

Although Williamson County was specifically limited to takings claims, "several . . . circuits have expanded the applicability of the finality requirement from takings claims to equal protection and due process claims emerging in the context of land use disputes." Insomnia Inc. v. City of Memphis, 278 F. App'x 609, 613 (6th Cir. 2008) (collecting cases). For its part, the Sixth Circuit has extended Williamson County to equal protection claims, Bannum, Inc. v. City of Louisville, 958 F.2d 1354, 1362 (6th Cir. 1992), and to due process claims, at least to the extent those claims are ancillary to takings claim, Braun v. Ann Arbor Charter Twp., 519 F.3d 564, 572-73 (6th Cir. 2008).

Pursuant to Williamson County and its progeny, Plaintiff was required to file suit in state court prior to bringing its constitutional claims in federal court. It follows that Defendants' removal was premature because "a defendant may remove a case only if the claim could have been brought in federal court[.]" Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 808 (1986). This is the very reason propriety of removal must be made by reference to the well-pleaded allegations in the complaint, Hampton v. R.J. Corman R.R. Switching Co., 683 F.3d 709, 711 (6th Cir. 2012), and serves as a "limit[] on a party's authority to pick its forum," Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468, 471 (6th Cir. 2008) .

## C.

The key cases on which Defendant City of Cookeville relies to support its argument that removal was proper are inapposite. It cites Wilkins v. Daniels, 744 F.3d 409 (6th Cir. 2014) for the

5

proposition that the Sixth Circuit "has rejected the notion that the implication of a 'taking,' ancillary or not, automatically deprives the federal courts of jurisdiction," (Docket No. 27 at 11), and quotes and highlights the following from that opinion:

> Appellants do not contend that they sought compensation in state court or that Ohio does not provide an adequate remedy. See Williamson Cnty., 473 U.S. at 194, 105 S. Ct. 3108 (explaining "all that is required is that a reasonable, certain and adequate provision for obtaining compensation exists at the time of the taking" (internal quotation marks omitted)). Ordinarily this would end our inquiry. **However, *Williamson County* ripeness is a prudential doctrine.** See Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 733–34, 117 S. Ct. 1659, 137 L. Ed.2d 980 (1997).
>
> The requirement to seek compensation prior to bringing suit will often serve important federalism interests. In regulatory takings cases involving sensitive issues of state policy, or cases that turn on whether the plaintiff has a property interest as defined by state law, ripeness concerns will prevent a federal court from reaching the merits prematurely. **But where it is clear that there has been no "taking," an issue of federal constitutional law, no jurisprudential purpose is served by delaying consideration of the issue.** **If anything, dismissing the case on ripeness grounds does a disservice to the federalism principles embodied in this doctrine as it would require the state courts to adjudicate a claim, already before the federal court, that clearly has no merit.**

(Id. at 11-12, quoting Wilkins, 744 F.3d at 418, emphasis added by Defendant).

Wilkins' observation about failing to seek compensation in state court generally ending the matter should likely have been highlighted as well. Regardless, when read in context, those portions of the decision that the City of Cookeville chose to emphasize actually support this Court's conclusion.

Wilkins involved a First Amendment challenge "by a group of self-described exotic animal enthusiasts" to Ohio's Dangerous Wild Animals and Restricted Snakes Act. 744 F.3d at 419. Plaintiff's request for a preliminary and permanent injunction was converted to a trial on the merits and, after listening to three days of testimony, the district court found no constitutional violation. Given this procedural posture, it is little wonder that the Sixth Circuit concluded that dismissing the

6

case on ripeness grounds would be a disservice, particularly since the evidence showed no taking. Although the City of Cookeville insists there was no taking as a matter of law and the statute of limitations has run on Plaintiff's claims in this case, these are issue that cannot be resolved on the basis of Plaintiff's Complaint.

The City of Cookeville also relies on Pearson v. Grand Blanc, 96 F.2d 1211 (6th Cir. 1992), which it claims to be "legally identical and virtually factually identical" to this case. (Docket No. 27 at 5). So far as the Court can tell, however, Pearson did not involve a takings claim. Here, in contrast, Plaintiff specifically alleges that the refusal to "rezone the Tract constitutes a taking," and that "Plaintiff has received no compensation from Cookeville for the property so taken." (Docket No. 1-1, Complaint ¶ 46). Pearson confirms that where a "plaintiff claims that the zoning is so stringent as to constitute a taking without just compensation, the Supreme Court requires what amounts to exhaustion of state judicial remedies, including the bringing of an inverse condemnation action, if the state affords such a remedy." Id. at 1214. This is precisely what Plaintiff was attempting to do when Defendants removed this case.

The City of Cookeville next argues that "[t]he Fourth Circuit was faced with identical due process, equal protection, and even a takings claim, yet exercised federal jurisdiction in Sonsotta v. Town of Nags Head, 724 F.3d 533 (4th Cir. 2013) because "a municipal defendant is the one who sought removal – exactly like in the case at bar." (Docket No. 27 at 12). Again context matters, and this case is not "exactly" like Sonsotta.

Sonsotta involved claims by six beachfront cottage owners who objected to their cottages being deemed a nuisance as a result of beach erosion. After they filed suit in state court, the Town of Nags Head removed the case to federal court. On summary judgment, the trial court determined

7

that plaintiffs had not been deprived of due process or denied equal protection, but also found that their takings claim was not ripe because, pursuant to Williamson County and other cases, "plaintiffs [could not] challenge the Town's action as an unconstitutional taking until after seeking and being denied compensation from the state." Sonsotta v. Town of Nags Head, 863 F. Supp.2d 495, 514 (E.D.N.C. 2012).

It was in this context the Fourth Circuit ruled that "the primary reason for the Williamson County state-litigation requirement no longer applies when the defendant removes a case," while at the same time observing that Williamson County set forth a "prudential rather than a jurisdictional rule" that allows a court to find "in some instances . . . the rule should not apply," 724 F.3d at 544 & 545. Analogizing the situation to that of a state actor who improperly removes a case to federal court only to invoke Eleventh Amendment immunity,[1] the Fourth Circuit wrote:

> Here, if we substitute "the Williamson County state-litigation requirement" for "Eleventh Amendment immunity," the logic is precisely the same. Like Eleventh Amendment immunity, a state or its political subdivision is entitled to assert the state-litigation requirement when a plaintiff files suit in federal court. But permitting a state or its political subdivision to assert this requirement after the state or its political subdivision has removed the case to federal court would allow the state or its political subdivision to do in the context of the Takings Clause exactly what the Supreme Court has declared to be improper in the context of the Eleventh Amendment: invoke federal jurisdiction and then object to federal jurisdiction.

Id. at 546 (footnotes omitted). In this scenario, "[a]llowing the Town to invoke the Williamson County state-litigation requirement after removing the case to federal court would fail to fulfill the rationale for [its] prudential rule and would create the possibility for judicially condoned

---

[1] In Lapides v. Board of Regents of the University System of Georgia, 535 U.S. 613 (2002), the Supreme Court observed that, while "[a] State remains free to waive its Eleventh Amendment immunity from suit in a federal court[,] . . . [i]t would seem anomalous or inconsistent for a State both (1) to invoke federal jurisdiction, thereby contending that the "Judicial power of the United States" extends to the case at hand, and (2) to claim Eleventh Amendment immunity, thereby denying that the 'Judicial power of the United States' extends to the case at hand."

8

manipulation of litigation." Id. at 545.

The situation here is markedly different, and the Fourth Circuit's concern about "manipulation of litigation" and "preventing any procedural gamesmanship," id. at 547, is not present. Pursuant to Williamson County, Plaintiff had no choice but to file in state court, and Defendants did not remove the case only to invoke the ripeness doctrine.[2] In any event, "[t]he prudential character of the Williamson County requirements do not . . . give the lower federal courts license to disregard them." Peters v. Vill. of Clifton, 498 F.3d 727, 734 (7th Cir. 2007).

Finally, the City of Cookeville argues that Braun "confirms that this Court has jurisdiction to decide this case." (Docket No. 27 at 7). How that is so is unclear.

In Braun, landowners brought suit in state court challenging the constitutionality of certain zoning restrictions, but the trial court granted the Township's motion for summary judgment without addressing the constitutional claims because they were not ripe for review. The Michigan Court of Appeals affirmed, "noting that the plaintiffs had not sought and been denied a use variance from the Zoning Board of Appeals." Braun, 519 F.3d at 568. Plaintiffs then sought a variance from the Zoning Board of Appeals and, when that was rejected, bypassed state court and resorted to federal court.

The federal district court granted defendant's Motion for Summary Judgment because it was not ripe for review under Williamson County. That conclusion was affirmed by the Sixth Circuit,

---

[2] The Court notes that, in rejecting the Town's arguments, the Fourth Circuit stated that the cottage owners "had no basis to seek to have that court remand any claims to the state court," and that, "[w]hen the case was removed, federal jurisdiction was proper, and the district court was obligated to exercise that jurisdiction unless it had a legal basis, such as abstention, . . . to refrain from exercising." Id. at 598. Save for a general reference to the removal statutes, no authority is cited for the proposition that the owners had no basis to seek a remand, and that comment seems to fly in the face of the proposition that removal is not proper unless the case could have originally been brought in federal court.

9

which noted that "Michigan provides an adequate 'just compensation' procedure," and that "while the plaintiffs began to use that procedure, they never sought a remedy on the merits in state court and were thus not denied just compensation in state court, as required by Williamson County."

Just as the plaintiffs in Braun were required to seek a remedy on the merits in state court, Plaintiffs here was required to do the same. The City of Cookeville's assertion that Plaintiffs are similarly situated to those in Braun because they did not appeal to the Board of Zoning Appeals or seek a variance ignores the fact that the Sixth Circuit in Braun specifically "pretermit[ted] th[e] question" of whether plaintiffs "satisfied the finality prong" and "instead focus[ed] on the second prong, which [wa]s dispositive on the issue of federal subject matter jurisdiction," Id. at 569. Besides, what Defendants are really asking this Court to do is rule on the issue of taking without a full record and before the state court has an opportunity to address Plaintiff's inverse condemnation claim. This is contrary to what Williamson County teaches.

## C.

As a part of its Motion to Remand, Plaintiff seeks attorney's fees. Pursuant to 28 U.S.C. § 1447(c), "[a]n order to remand the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal."

The use of the term "may" in the statute indicates discretion, and, indeed, "district courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)[.]" Warthman v. Genoa Twp. Bd. of Trustees, 549 F.3d 1055, 1059 (6th Cir. 2008). In exercising such discretion, the Supreme Court has instructed:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be

10

> denied. . . . In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c).

Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (internal citations omitted).

Here, the Court exercises its discretion by declining to award fees and costs. While the Court found cases like Wilkins, Braun, Sonsotta and Pearson inapposite to the fact presented here, that took some effort. Those decisions, at the very least, provided an objectively reasonable basis for removing the case notwithstanding the holding in Williamson County and its extension by the Sixth Circuit to other ancillary claims.

Moreover, there is no suggestion that the removal petition was filed to prolong the case or otherwise be obstructionist. To the contrary, immediately after the case was removed Defendant City of Cookeville filed its Motion for Summary Judgment, with Defendant Putnam County doing likewise shortly thereafter. Neither Defendant raised the issue of ripeness, but instead sought resolution on the merits. Compare A Forever Recovery, Inc. v. City of Pennfield, 606 F. App'x 279, 282-83 (6th Cir. 2015) (finding no abuse of discretion where district court imposed fees for improper removal after defendant removed case and shortly thereafter moved to dismiss on ripeness grounds).

## III.

For the foregoing reasons, Plaintiff's Motion to Remand will be granted, but its request for attorney's fees will be denied. Defendants' Motions for Summary Judgment will be denied.

An appropriate Order will enter.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE